United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RONNY-MARIE WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>RED ROBIN INTERNATIONAL, INC.,<br><br>        Defendant. | Case No. 17-cv-00685-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 56] |

Plaintiff Ronny-Marie Wilson ("Plaintiff") moves this Court for leave to file a First Amended Complaint ("FAC") against Defendant Red Robin International, Inc. ("Red Robin"). ECF 56 ("Mot."); *see also* proposed FAC, ECF 56-1. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the hearing noticed by Plaintiff for May 10, 2018.[1] For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to file the proposed FAC.

**I.   BACKGROUND**

Plaintiff initiated this action against Defendants Red Robin and RMV Holdings, L.P. ("RMV Holdings") (collectively, "Defendants") on February 10, 2017, alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189, and related

---

[1] Plaintiff improperly noticed her motion for a hearing on May 10, 2018 without reserving this date with the Clerk. *See* ECF 56. The parties are strongly advised to consult this Court's standing orders prior to filing any additional motions in this case.

1  California law. *See* ECF 1 ("Compl."). Plaintiff alleges that she is physically disabled as defined
2  by all applicable California and federal laws. *See* Compl. ¶ 8. Plaintiff further alleges that
3  Defendants failed to remove barriers to her access at Red Robin Gourmet Burgers, located at 3906
4  Rivermark Plaza in Santa Clara, California (the "Facility"), which is owned and operated by
5  Defendants. *See generally* Compl. Plaintiff alleges that RMV Holdings is the landlord of the
6  Facility and Red Robin is the tenant.

7  On June 16, 2017, RMV Holdings filed a crossclaim against Red Robin. ECF 31. On
8  December 20, 2017, the parties stipulated to a dismissal of Plaintiff's claims against RMV
9  Holdings only. ECF 44. The case proceeded through the General Order 56 process, including a
10 joint site inspection and mediation, but the parties were unable to resolve Plaintiff's claims against
11 Red Robin and RMV's crossclaim against Red Robin. The Court held a Case Management
12 Conference on February 1, 2018 and set a pretrial and trial schedule for the case, with trial
13 commencing on October 28, 2019. ECF 49. RMV dismissed its crossclaims against Red Robin
14 on February 26, 2018. ECF 51.

15 Plaintiff now seeks leave to amend her complaint against Red Robin to add additional
16 access barriers related to Plaintiff's disability that she seeks to have removed in her request for
17 injunctive relief. *See generally* Mot. Red Robin opposes, arguing that it will be prejudiced by the
18 addition of thirty-three (33) barriers because up to this point in the litigation, Red Robin has relied
19 on specific allegations regarding the six (6) barriers to access identified in Plaintiff's original
20 complaint. *See* ECF 57 ("Opp'n").

21 **II.   LEGAL STANDARD**

22 Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
23 matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the
24 pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). The
25 factors considered when determining whether to grant leave to amend include: "(1) bad faith on
26 the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the
27 proposed amendment." *Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013,
28 at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015); *Johnson,* 975 F.2d at 608.

### III. DISCUSSION

Plaintiff seeks leave to amend her complaint in order to include in her request for injunctive relief all barriers at the Facility related to her disability. *See* Mot. at 4. According to the Court's Case Management Order, the parties had until April 2, 2018 to seek leave to amend pursuant to Rule 15. Plaintiff filed her motion for leave to amend on April 2, 2018, and thus Rule 15 governs Plaintiff's motion. Rule 15(a) is a liberal standard, providing that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Plaintiff's motion for leave to amend satisfies the requirements of Rule 15(a). Under the liberal standard set forth in Rule 15, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607; *Foman*, 371 U.S. at 182. Not all factors carry equal weight. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Red Robin argues that Plaintiff unduly delayed in amending her claims to allege additional barriers, and that Red Robin will suffer great prejudice from permitting amendment. Opp'n at 4. The Court finds that none of the factors weighing against amendment are present here. Red Robin argues that Plaintiff waited more than ten months to add additional barriers to her complaint, even though Plaintiff identified the barriers to Red Robin following the May 25, 2017 joint site

3

1  inspection. *Id.* at 2. Red Robin further argues that Plaintiff actually used the joint site inspection
2  to "trump up" the allegations in her Complaint. *Id.* at 5. The Court acknowledges that Red Robin
3  imputes a dilatory motive on Plaintiff in this respect, which is another factor that the Court may
4  consider under *Foman*. However, the Court does not find either bad faith or undue delay on the
5  part of Plaintiff.

6  In her reply, Plaintiff points out that General Order 56 stayed this action, and Plaintiff was
7  unable to seek leave to amend her complaint until the case was before this Court. *See* Reply, ECF
8  58. The original complaint also expressly alleged that Plaintiff "will seek to amend this
9  Complaint once such additional barriers are identified as it is Plaintiff's intention to have all
10 barriers which exist at the Facility and relate to her disabilities removed to afford her full and
11 equal access." Compl. ¶ 11. Moreover, Plaintiff clearly advised the Court and all parties as early
12 as January 25, 2018 in the Joint Case Management Conference Statement that she intended to
13 amend her pleading to add barriers that she seeks to have removed. ECF 45, at 3, 4.

14 The Court finds that Plaintiff has not unduly delayed in seeking amendment of her
15 pleadings within the time provided by the Case Management Conference Order to seek leave to
16 amend under Rule 15's liberal standard. In any event, delay standing alone is not sufficient to
17 deny amendment. *Ridola v. Ingrid Chao*, No. 16-CV-02246-BLF, 2017 WL 2688220, at *2 (N.D.
18 Cal. June 22, 2017). Red Robin acknowledges that Plaintiff was clear about her intention to
19 amend the pleadings after the joint site inspection in May 2017, and Plaintiff has continued to
20 make her intention to amend clear to Red Robin and the Court. Although another mediation
21 between the parties is scheduled for May 24, 2018, trial in this matter is over a year away in
22 October 2019. Thus, the Court does not find that any delay in seeking amendment was dilatory,
23 undue, or prejudicial. The Court takes no position at this stage as to whether Plaintiff may recover
24 damages or obtain injunctive relief for any additional barriers alleged in the FAC. Red Robin may
25 seek to renew its argument, hinted at in its opposition, that Plaintiff never actually encountered
26 any of the newly alleged barriers prior to the joint site inspection.

27 Rule 15's heaviest factor, prejudice to the defendant, is also not present here. Red Robin
28 argues that it has spent extensive time and money seeking to resolve this matter based on the

4

allegations in the original complaint, and amendment would render its efforts wasted. Opp'n at 2. The Court acknowledges that, as all defendants do, Red Robin has undergone litigation costs including hiring an inspector prior to the joint inspection to investigate Plaintiff's claims in her original complaint. *See id.* at 5-6. That Red Robin will now have to undergo further costs and re-frame its litigation strategy in response to amendment does not amount to prejudice as contemplated by Rule 15.

The original complaint expressly alleged that Plaintiff "will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to her disabilities removed to afford her full and equal access." Compl. ¶ 11. Accordingly, Red Robin made a strategic decision to ignore this allegation and limit its previous inspection of the Facility to the identified barriers only. Plaintiff's request to add such barriers at an early stage of the litigation—which is required and encouraged by Ninth Circuit law—does not prejudice Red Robin who has been on continuous notice of possible additional barriers at the Facility. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) ("an ADA plaintiff who has been discriminated against in one aspect of a public accommodation may, in a single lawsuit, obtain an injunction to prevent impending discrimination on account of his specific disability throughout the accommodation."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (holding that "[i]n sum, for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere.")

For the foregoing reasons, the Court finds that Rule 15's presumption in favor of granting leave to amend applies to Plaintiff's motion. All of the Rule 15(a) factors weigh in favor of granting Plaintiff's motion for leave to file the FAC. Most importantly, Red Robin has not shown that it would be prejudiced by amendment. Plaintiff expressly made Red Robin aware of its intention to allege additional barriers at the Facility, and the case schedule affords Red Robin over a year and a half to prepare its defense of these barriers prior to trial. Accordingly, Plaintiff's motion for leave to file the proposed FAC is GRANTED. Moreover, Red Robin's unsupported

request for reimbursement of costs and fees associated with anticipated inspections of the additional barriers to access alleged in the FAC is DENIED.[2]

**IV. ORDER**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to File a First Amended Complaint is GRANTED.
2. Plaintiff shall promptly file the proposed FAC in the record.

Dated: April 24, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] As this matter is unresolved, there is no "prevailing party" entitled to an award of fees and costs. To the extent Red Robin is moving for sanctions against Plaintiff, the request is DENIED for failure to provide any legal basis for the requested sanctions.

6