# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

RONNY-MARIE WILSON,

Plaintiff,

v.

RED ROBIN INTERNATIONAL, INC.,

Defendant.

Case No. 17-cv-00685-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**

[Re: ECF 68]

Plaintiff Ronny-Marie Wilson ("Wilson") seeks statutory attorneys' fees and costs after settlement of her disability access lawsuit against Defendant Red Robin International, Inc. ("Red Robin"). Wilson, who is physically disabled, claimed that she visited a business complex ("Property") owned and/or operated by Defendants on May 10, 2016 to have dinner, and that the Property contained a number of illegal barriers, such as a lack of sufficient clear space under her dining table. *See generally* First Am. Compl., ECF 61.

For the reasons that follow, Wilson's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART.

**I.    BACKGROUND**

Wilson filed this action on February 10, 2017 against Red Robin and RMV Holdings, L.P. ("RMV") asserting claims for disability access under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12010 *et seq.*, California's Unruh Civil Rights Act, Cal. Civil Code §§ 51, 52, and Cal. Health & Safety Code §§ 19955, *et seq. See generally* Compl., ECF 1. Red Robin answered the Complaint on May 22, 2017. *See* ECF 24. After initially failing to appear, RMV filed its Answer on June 16, 2017. *See* ECF 31.

Pursuant to General Order 56, the deadline to hold a joint site inspection in the case was

1    May 26, 2017.  *See* ECF 4.  The parties scheduled a joint site inspection for May 10, 2017, which
2    Red Robin did not attend.  *See* Moore Decl. ¶ 12, ECF 68-1.  On May 17, 2018, Red Robin
3    administratively moved to cancel the site inspection because it had hired a CASp inspector and
4    had provided a comprehensive report on its Property to Wilson on May 3, 2017.  *See* ECF 18.
5    Wilson opposed this motion (ECF 22), and the Court denied Red Robin's motion on May 22, 2017
6    (ECF 23).  The parties conducted the site inspection on May 25, 2017 and the required post-
7    inspection meet and confer on June 21, 2017.  *See* Moore Decl. ¶ 14.

Wilson filed a notice of need for mediation on June 27, 2017, and mediation was held on October 24, 2017.  *See* ECF 38.  The matter did not settle in mediation, but Wilson settled with RMV in December 2017 and subsequently dismissed RMV from the case with prejudice.  *See* ECF 44.  A case management conference was held on February 1, 2018, and the Court ordered the parties to attend a second ADR mediation, which was scheduled for May 2018.  *See* ECF 48, 49. On April 2, 2018, Wilson moved for leave to amend her Complaint in order to add additional barriers discovered at the Property.  *See* ECF 56.  Red Robin opposed this motion.  *See* ECF 57. The Court granted leave to amend, and Wilson filed an First Amended Complaint on April 26, 2018 (ECF 61), which Red Robin answered on May 10, 2018.

In anticipation of the May 2018 mediation, the parties reached a settlement agreement, and the parties stipulated to dismissal of the action with prejudice on May 31, 2018.  *See* ECF 67.  On July 13, 2018, Wilson moved for attorneys' fees and costs, which Red Robin opposes.  *See* ECF 68.  The Court took the motion under submission without oral argument.

**II.   DISCUSSION**

"In a case pursued under the ADA, a court, 'in its discretion, may allow the prevailing party . . . a reasonable attorney's fee.'"  *Jankey v. Poop Deck*, 537 F.3d 1122, 1129 (9th Cir. 2008) (quoting 42 U.S.C. § 12205).  Such award may include "litigation expenses, and costs."  42 U.S.C. § 12205.  Additionally, a prevailing plaintiff is entitled to attorneys' fees under the Unruh Act. *See* Cal. Civ. Code § 52.  "Defendant does not dispute that Wilson is the prevailing party" or that Wilson is entitled to a reasonable award of attorney's fees.  Opp. at 5, ECF 69.  The parties' dispute centers on whether the attorneys' fees Wilson requests are reasonable.

In her moving papers, Wilson requests expenses in the amount of $5,495.95 and attorneys' fees in the amount of $71,292.95, less the sum she received in her confidential settlement with RMV. In its opposition, Red Robin revealed this sum to be $23,000, which Wilson did not contest.[1] In her reply, Wilson requests an additional $2,357.50 incurred in briefing her reply. Reply, ECF 70. The requested fees total $50,650.50. Red Robin contends that the requested fees are unreasonable and that some of the fees are attributable solely to RMV, and thus asks the Court to award only $1,946.35.

Red Robin does not challenge Wilson's request for costs and expenses. The Court has reviewed this request and finds it reasonable. *See* Moore Decl. ¶¶ 20–24, Exhs. F–J, ECF 68-2. As such, the Court GRANTS Wilsons' request for costs and expenses in the amount of $5,495.95.

**A.     Lodestar Method**

Courts in the Ninth Circuit determine reasonable attorneys' fees using the lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). The party seeking attorneys' fees bears the burden of demonstrating that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 980. Generally, "the relevant community is the forum in which the district court sits." *Id.* at 979. Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (internal quotation marks, citation, and alterations omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* (internal quotation marks and citation omitted).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the

---

[1] Wilson did not ask the Court to redact this disclosure, and thus the Court has included the RMV fee award in this Order for clarity.

3

district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* at 978 (internal quotation marks and citation omitted). For example, "a district court may reduce attorneys' fees by a percentage, so long as the court sets forth clear and concise reasons for adopting this approach." *Id.* at 982. The Ninth Circuit has recognized that "percentages indeed are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). However, the district court may not impose an arbitrary percentage reduction—the court must offer "some explanation for the precise reduction chosen." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).

**B. Hourly Rate**

Wilson was represented by two attorneys and three paralegals in this matter: attorney Zachary Best at rates of $400 and $495[2]; Tanya Moore at rates of $400 and $475[3]; paralegal Marejka Sacks at a rate of $175; paralegal Whitney Law at a rate of $150; and paralegal David Guthrie at a rate of $120. *See* Mot. at 7–9. The Court discusses each attorney and the paralegals in turn.

**1. Moore**

Red Robin challenges Moore's rates of $400 and $475 because several courts in the Eastern District of California have fixed her hourly rate at $250–$300. *See* Opp. at 9 (citing cases). Red Robin argues that this action's venue in the Northern District of California, as opposed to the Eastern District, does not warrant a $175 difference in Moore's rate, noting that Moore charges the same rate in each district. Wilson argues that Moore's rate is reasonable for the Northern District, pointing to various Northern District cases allowing rates comparable to those requested here. *See* Mot. at 7–8.

The Court agrees with Wilson that Moore's rates are reasonable. In setting the lodestar, the Court looks to the "reasonable hourly rate" as demonstrated by the rates "prevailing in the

---

[2] Attorney Best billed 0.4 hours at a rate of $400 and 18.5 hours at a rate of $495. *See* Best Decl. ¶ 7, ECF 68-3.
[3] Attorney Moore billed 100.1 hours at a rate of $400 and 14.7 hours at a rate of $475. *See* Moore Decl. ¶ 10.

4

community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho*, 523 F.3d at 978, 980. Cases from the Northern District of California more closely reflect the rates for similar services in the community. Moore has been practicing law for more than 17 years and has specialized in disability-access litigation for over eight years, litigating more than 1,000 civil rights actions under the ADA. *See* Moore. Decl. ¶¶ 4–5. Based on this wellspring of experience, her billing rates of $400 and $475 dollars are reasonable compared to the rate of similarly skilled, experienced, and reputable attorneys in the Northern District of California. *See, e.g.*, *Rodgers v. Claim Jumper Rest., LLC*, No. 13-CV-5496-YGR, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (finding $525 fee reasonable for attorney with eight years' experience litigating ADA cases); *Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, (N.D. Cal. Dec. 13, 2010) (finding $560 and $535 fees reasonable for attorneys at Disability Rights Advocates with 9 years and 7 years of experience, respectively).

### 2. Best

Red Robin challenges Best's rates of $400 and $495 solely on the ground that "Mr. Best and Ms. Moore have similar experience" and thus deserve the same hourly rate. Opp. at 9. For the reasons that Moore's rate is reasonable, so too is Best's, who has even more experience then Moore, *see* Best. Decl. ¶¶ 2–5, ECF 68-3.

### 3. Paralegals

Finally, Red Robin challenges each of the paralegals' rates based on cases in the Eastern District that have held the reasonable rate for these paralegals to be between $75 and $115. *See* Opp. at 10. As discussed, the Northern District serves as the appropriate community to which to compare these rates. Sacks has over thirteen years of paralegal experience, with eight years dedicated nearly exclusively to ADA cases. *See* Sacks Decl. ¶ 2, ECF 68-5. Law has over nine years of paralegal experience, with five years specializing in disability access litigation. *See* Law Decl. ¶ 3, ECF 68-7. Finally, Guthrie has over five years of paralegal experience, specializing in disability access litigation. *See* Guthrie ¶ 3, ECF 68-9. Courts in the Northern District find rates of between $120–$175 reasonable for paralegals of similar experience. *See, e.g.*, *Rodriguez v.*

5

*Barrita*, 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014) (awarding $175 for paralegal with "over a decade" of experience, and fees of $135 for a paralegal "with far less experience"); *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1085 (N.D. Cal. 2010) (awarding $165 for paralegal with five years' experience). Thus, the Court finds the requested rates for paralegals Sacks, Law, and Guthrie are reasonable.

### C. Hours Expended

Wilson presented each of the attorneys' and paralegals' billing statements with her motion. *See* Moore Decl., Ex. B, ECF 68-2; Best Decl., Ex. A, ECF 68-4; Sacks Decl., Ex. A, ECF 68-6; Law Decl., Ex. A, ECF 68-8; Guthrie Decl., Ex. A, ECF 68-10. In addition, at the Court's request, Wilson submitted a fees chart categorizing the tasks and documenting the number of hours completed by each attorney and paralegal in each of the categories. *See* ECF 72 ("Fees Chart").[4] The Court has reviewed each of these declarations and the hours documented therein in detail, as well as Red Robin's declaration exhibits categorizing various billing entries. *See* Parker Decl. 69-1, Exs. 12–20.

Red Robin challenges the reasonableness of the total hours requested (based on the vast experience of the attorneys), as well as the hours spent on the following specific tasks or categories: (1) mediation preparation; (2) internal communications; (3) clerical tasks; (4) duplicative entries; (5) block billing; and (6) fees attributable solely to RMV. The Court discusses each category in turn.

#### 1. Reasonableness of Total Hours

In total, Wilson requests fees for 202.6 hours of attorney work. *See* Fees Chart. Red Robin challenges this total given the vast experience of Wilson's counsel. *See* Opp. at 10–11. It then suggests various percentages by which it believes each attorney's and paralegal's rates should be cut. It provides only generalizations as to why each attorney's total set of hours is too numerous and appears to choose at random the percentage by which each set of hours should be

---

[4] The proposed categories are: Complaint; Reviewing ECF Filed Docs; Communications with Client; Extending Time; Initial Disclosures; GO 56 Site Inspections; Communications with Investigator; GO 56 Meet and Confer; Two Mediations; First Amended Complaint; Settlement; Case Management Conference; Fees Motion; and Reply on Fees Motion.

reduced.

The Court rejects Red Robin's request to reduce each attorney's and paralegal's fees by some arbitrary percentage. Given the need for two rounds of mediation and appearances at two site inspections, as well as the other filings related to this case, the total number of hours requested is generally reasonable. However, in addition to the reductions as to specific tasks discussed below, the Court finds that some of the requests should be moderately reduced to account for experience, duplicative tasks, and/or extraneous work. *See Delson v. CYCT Mgmt. Grp., Inc.*, No. C 11-03781 MEJ, 2013 WL 1819265, at *8 (N.D. Cal. Apr. 30, 2013) ("One of the trade offs of being an expert in a specific field of law is the expectation that tasks will be completed with greater efficiency because the knowledge base and resources have already been well-established."). Specifically, the Court reduces the number of hours requested for the task categories as follows: (1) First Amended Complaint: Moore hours reduced by 2, from 6.7 to 4.7; (2) Settlement: (a) Moore hours reduced by 5, from 18.3 to 13.3; (b) Sacks hours reduced by 2, from 5.1 to 3.1; (c) Law hours reduced by 2, from 4.7 to 2.7; (3) Case Management Conference: Moore hours reduced by 3, from 13.1 to 10.1.

### 2. Mediation Preparation

Red Robin next challenges the amount of time spent on mediation preparation, as both mediations pertained to attorneys' fees. *See* Parker Decl. ¶ 16. Wilson responds by arguing that this information is protected by the confidentiality of the mediation, which Red Robin has violated. *See* Reply at 2. Though Wilson does not seek sanctions for Red Robin's unauthorized disclosure, the Court reprimands Red Robin for any actions it took to breach this important confidentiality. Without considering Red Robin's disclosures, the Court has reviewed the relevant billing entries and finds the following reductions are warranted for the mediation category, based on experience and extraneous work: (1) Moore hours reduced by 10, from 33.6 to 23.6; and (2) Sacks hours reduced by 2, from 4.8 to 2.8.

### 3. Internal Communications, Clerical Tasks, Block Billing, and Duplicative Entries

Red Robin also challenges many of the billing entries as involving internal

communications; clerical tasks necessary for normal overhead costs or tasks by Moore and Best that should have been completed by a paralegal; duplicative entries; and impermissible block billing that does not have the level of detail necessary to determine how much time was spent on each activity. *See* Opp. at 12–13. In support of these arguments, Red Robin groups various tasks under these umbrella descriptions (e.g., clerical, internal conference). *See* Parker Decl. Exs. 12–20. In reply, Wilson challenges each of these generalized categorizations.

Again, the Court has reviewed the billing records in detail and agrees with Red Robin as to some entries, though by no means the bulk of those Red Robin has categorized as such. Specifically, the Court reduces the number of hours or rate requested for the task categories as follows: (1) Reviewing ECF Filed Documents: Moore, allow 1 hour billed at $475 and the remaining 2.1 hours billed at the paralegal rate of $150 for performing paralegal tasks, *see Kosloff v. Washington Square Assocs., LLC*, No. C 06 05060 SI, 2007 WL 2023497, at *4 (N.D. Cal. July 12, 2007) (declining to bill clerical tasks at attorney hourly rates, instead reducing the award for such tasks to paralegal rates); (2) GO56 Site Inspections: Best hours reduced by 6.9, from 6.9 to 0, for duplicative work with Moore.

### 4. Fees Attributable to RMV Holdings, LLC

Finally, Red Robin argues that Wilson's $23,000 recovery of fees from her settlement with RMV should be deducted from the final calculated award here. *See* Opp. at 13–14. Wilson concedes that this is appropriate in her motion. *See* Mot. at 1 (requesting fees "less any amount received in the confidential settlement reached" with RMV). The Court agrees and offsets $23,000 from the total recovery calculated below.

### D. Attorneys' Fees Award

In light of the above discussion, the Court finds that Wilson is entitled to reasonable attorneys' fees in the amount of $32,129, calculated as follows:

///

///

///

///

8

| | Tasks | Hours Requested | Hours Awarded | Fees Awarded |
|---|---|---|---|---|
| 1 | Compl. | 13.8 | 13.8 | $4,416.50[5] |
| 2 | Reviewing ECF Filed Docs | 4.0 | 4.0 | $1,263[6] |
| 3 | Communications with Client | 6.8 | 6.8 | $3,230[7] |
| 4 | Extending Time | 2.5 | 2.5 | $772[8] |
| 5 | Initial Disclosures | 1.9 | 1.9 | $637.50 |
| 6 | GO 56 Site Inspections | 23.5 | 16.6 | $6,060[9] |
| 7 | Communications with Investigator | 6 | 6 | $2,095.50 |
| 8 | GO 56 Meet and Confer | 5.9 | 5.9 | $2,110 |
| 9 | Two Mediations | 43.2 | 31.2 | $11,892 |
| 10 | First Amended Compl. | 12.8 | 10.8 | $3,008.50 |
| 11 | Settlement | 30.5 | 21.5 | $7,455.50 |
| 12 | Case Management Conference | 13.1 | 10.1 | $3,318.50 |
| 13 | Fees Motion | 27.7 | 27.7 | $6,625 |
| 14 | Reply on Fees Motion | 10.9 | 10.9 | $2,245 |
| | TOTAL | 202.6 | 169.7 | $55,129 – $23,000 = **$32,129** |

## III. ORDER

Wilson's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART. Wilson is AWARDED $32,129 in reasonable attorneys' fees and litigation expenses of $5,495.95.

**IT IS SO ORDERED.**

Dated: November 14, 2018

BETH LABSON FREEMAN
United States District Judge

---

[5] This calculation includes 0.4 hours for Best at $400; 0.6 hours for Best at $495; and 6.7 hours for Moore at $475.
[6] This calculation includes 1 hour for Moore at $475 and 2.1 hours for Moore at $150. Best's rate in this and all remaining calculations is $495.
[7] This calculation includes 6.8 hours for Moore at $475.
[8] This calculation includes 0.3 hours for Moore at $475 and 0.5 hours for Moore at $400.
[9] Moore's rate in this and all remaining calculations is $400.

9